ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/25/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - X

BROADCAST MUSIC, INC.,                         :
                                               :
                            Petitioner,    :   SCHEDULING ORDER
                                               :
            -against-                          :   08 Civ. 216 (LLS)
                                               :
DMX INC.,                                      :   *Related to United States v. Broadcast*
                                               :   *Music, Inc., 64 Civ. 3787 (LLS)*
                            Respondent.    :
                                               :
                                               :
- - - - - - - - - - - - - - - - - - - - - - - X

## SCHEDULING ORDER

Petitioner Broadcast Music, Inc. ("BMI"), by and through its undersigned

counsel, and Respondent DMX Inc. ("DMX"), by and through its undersigned counsel, (together

the "Parties") hereby submit their Proposed Scheduling Order pursuant to the Order for

Conference Pursuant to Rule 16(b) filed on January 17, 2008.

The Parties, by and through counsel, stipulate and agree to the following:

A.    Date of Conference and Appearances for the Parties:  The conference with

the Court is scheduled on Friday, April 25, 2008 at 12:30 p.m. in Room 21C.  James C.

Fitzpatrick, Jason C. Benton and Stuart Rosen will appear for Petitioner BMI.  R. Bruce Rich,

Benjamin E. Marks, and Todd Larson will appear for Respondent DMX.

B.    Concise Statement of the Issues:  This is a proceeding invoking this

Court's rate-setting authority under Article XIV of the BMI Consent Decree. *United States v.*

*Broadcast Music, Inc.*, 1966 Trade Cas. (CCH) ¶ 71,941 (S.D.N.Y. 1966), *as amended by* 1996-1 Trade Cas. (CCH) ¶ 71,378 (S.D.N.Y. 1994) (the "BMI Consent Decree"). It involves a determination of reasonable fees and terms for a license authorizing DMX to perform publicly all of the compositions in BMI's repertoire by means of DMX's commercial music service, effective as of June 3, 2005 and continuing through June 30, 2009. Specifically, it involves a determination of reasonable fees and terms for a BMI license as described in *United States v. Broad. Music, Inc.*, 275 F.3d 168 (2d Cir. 2001), *i.e.*, a blanket license with a fee structure that allows for "carve-outs" based on direct licenses obtained by DMX from BMI-affiliated composers, songwriters, and/or publishers.

     C.    Subjects on Which Discovery May Be Needed

          1.    Without limitation on BMI's ability to seek discovery on other relevant matters, BMI anticipates seeking discovery concerning DMX's business and its use of BMI music, including:

               a.    The basis for DMX's proposed fee structure.

               b.    Financial and organizational information relating to DMX.

               c.    DMX's customers and the nature and pricing of the commercial music services provided by DMX to its customers

               d.    DMX's use of BMI music and the value of BMI music to DMX.

               e.    Direct licenses entered into by DMX with composers, songwriters, or publishers.

               f.    DMX's licenses with other performing rights organizations.

            BMI does not waive any objection it may have under the Federal Rules or otherwise to DMX's seeking discovery on the topics listed in Paragraph C(2).

          2.    Without limitation on DMX's ability to seek discovery on other relevant matters, DMX anticipates seeking discovery concerning

2

BMI's licensing and royalty distribution practices, including:

    a.    The basis for BMI's proposed fee structure.

    b.    Interim and final BMI licenses with other background music services.

    c.    License fees collected by BMI from background music services.

    d.    BMI's surveying/measurement of performances of musical works by background music services;

    e.    BMI's distribution of royalties for performances of musical works on background music services;

    f.    BMI's administrative costs.

    g.    BMI's communications with its affiliated publishers and composers relating to BMI's and/or the affiliates' licensing arrangements with DMX or other background music services.

DMX does not waive any objection it may have under the Federal Rules or otherwise to BMI's seeking discovery on the topics listed in Paragraph C(1).

D.    Interim Fee Proceeding Schedule

    1.    July 11, 2008: Interim Fee Proposals Exchanged

        a.    Interim Fee Proposals shall set forth (i) the party's proposed fees and fee structure; (ii) the general basis for the proposal; and (iii) a list of witnesses (if any) who will submit affidavits or declarations in support of the party's interim fee proposal.

    2.    July 18 – August 22, 2008: Interim Fee Document Discovery

        a.    The parties shall conduct such limited document discovery as may be needed for purposes of the interim fee proceeding.

        b.    The parties shall serve document requests (if any) in connection with the Interim Fee Proceeding by July 18, 2008. The parties shall meet and confer no later than July

29, 2008, concerning objections to the scope of these limited document requests.

    c.    Written responses and objections to these document requests, and document productions, shall be served by August 22, 2008.

3.    August 27, 2008: Service upon opposing party of affidavits/declarations from fact or expert witnesses that a party intends to submit to the Court in connection with the Interim Fee Proceeding.

4.    September 2 – September 16, 2008: Interim Fee Proceeding Depositions

    a.    Each side shall be entitled to take depositions of those witnesses who have provided affidavits/declarations (or, in the case that a party submits no such affidavits/ declarations, a 30(b)(6) witness). Such depositions shall be without prejudice to a party's right to re-depose such witnesses following the Interim Fee Proceeding.

    b.    No other depositions shall be permitted during the Interim Fee Proceeding.

5.    October 3, 2008: Submission of Interim Fee Proposals to the Court

    a.    Each side may submit briefs, the affidavits/declarations previously served, and rebuttal affidavits, if any, in support of its Interim Fee Proposal.

6.    The parties will be prepared to participate in a hearing or oral arguments in support of their position as requested by the Court.

E.    Discovery Schedule (Main Case):

1.    July 11, 2008: 26(a) Disclosures.

    a.    The Parties will exchange Rule 26(a)(1) initial disclosures on July 11, 2008, in coordination with their interim fee proposals.

2.    Names of Persons to be Deposed and Schedule of Planned Depositions:

4

a.    The Parties agree that they are not in a position to name all witnesses that they might seek to depose at this time, as this case is in its preliminary stages and no substantive discovery has yet taken place. Accordingly, each Party (i) reserves its right to object to the relevance of witnesses identified below; and (ii) agrees the other party may seek to depose additional fact witnesses other than those named below prior to the completion of fact discovery.

b.    Petitioner BMI currently plans to seek the deposition of the following individuals:

    i.    Barry Knittel

    ii.    John Cullen

    iii.    One or more 30(b)(6) witnesses on topics including programming, marketing, the use of BMI music by DMX, those topics identified in Section C(1) above, or topics identified through further discovery.

c.    Respondent DMX currently plans to seek the deposition of the following individuals:

    i.    Michael O'Neill

    ii.    One or more 30(b)(6) witnesses on the topics identified in Section C(2) above or topics identified through further discovery.

d.    All fact depositions will be completed by February 16, 2009.

e.    Notwithstanding the February 16, 2009 deadline for fact depositions, any witnesses identified as trial witnesses after such date, but not deposed during fact discovery, will be provided for deposition within a reasonable time prior to trial.

3.    <u>Schedule for the Production of Documents</u>:

a.    Initial document requests (not including Interim Fee Proceeding requests or supplemental document requests as set forth below) and interrogatories to be served on or before October 15, 2008.

5

b.   Written responses and objections to initial document requests and interrogatories, together with document productions, to be served on or before December 5, 2008.

c.   The parties shall be entitled to serve supplemental document requests within 14 days of the Court's interim-fee decision or as a result of new information learned in depositions. Written responses and objections to such supplemental document requests, together with document productions, shall be served within 30 days of service of the requests.

d.   Fact discovery will be completed by the latter of February 16, 2009 or ninety (90) days after the Court's interim-fee decision. In the event such decision is delivered after November 17, 2009, the parties will meet and confer in good faith on necessary adjustments to the subsequent schedule, if any.

4.   Expert Reports and Depositions:

a.   Petitioner's expert reports to be supplied to Respondent on or before March 13, 2009.

b.   Respondent's expert reports to be supplied to Petitioner on or before April 10, 2009.

c.   Expert discovery, including all expert depositions, will be completed by May 19, 2009.

5.   The deadline for the filing of dispositive motions is June 16, 2009.

6.   The Parties agree to meet and confer between May 19, 2009 and June 16, 2009 to discuss stipulated facts for the pre-trial order.

7.   Petitioner BMI will supply its pre-trial order materials to Respondent DMX on June 22, 2009.

8.   The Parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and proposed findings of fact and law on July 24, 2009.

9    A final pre-trial conference pursuant to Rule 16(d) of the Federal Rules of Civil Procedure will take place on _July 31, 2009 at 12 noon_

F.   Protective Order: Pursuant to subdivision (c) of Rule 26 of the Federal

LLS

6

Rules of Civil Procedure, the parties have reached an agreement in the form of a proposed

Stipulation and Protective Order preserving the confidentiality of certain documents and

information, and providing for the treatment of post-production claims of privilege or protection

as trial-preparation material. The Parties ask this Court to so order the attached Stipulation and

Protective Order. (A copy of the proposed Stipulation and Protective Order is attached hereto as

Exhibit 1.)

Other than the proposed protective order, the Parties agree that no other changes

are currently necessary in the limitations on discovery imposed under the Federal Rules or by

local rule.

G.    Statement of Any Discovery Issues, If Any, on which Counsel, After a
Good Faith Effort, Were Unable to Reach an Agreement:

The parties have not yet determined whether there are any discovery issues about

which they were unable to agree.

H.    Anticipated Fields of Expert Testimony:

The Parties each anticipate that they will designate economic experts to testify as

to reasonable license fees, fee structure, and terms. The Parties reserve the right to designate

experts on additional subjects based on information learned in discovery.

I.    Anticipated Length of Trial and Whether to Court or Jury:

The Parties anticipate that the trial of this matter will take 5-7 trial days. This

case will be tried to the Court.

J.    Amending the Scheduling Order: This Scheduling Order may be altered

or amended only on a showing of good cause not foreseeable at the time of the conference or

7

when justice so requires.

Dated:  New York, New York
      April 23, 2008

HUGHES HUBBARD & REED LLP

By      _James C Fitzpatrick_
          James C. Fitzpatrick
One Battery Park Plaza
New York, New York  10004
(212) 837-6000

Attorneys for Petitioner Broadcast Music, Inc.


WEIL, GOTSHAL & MANGES LLP

By     _R. Bruce Rich_
            R. Bruce Rich
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

Attorneys for Respondent DMX Inc.


**So Ordered**

Dated:  New York, New York
      April 25, 2008

      _Louis L. Stanton_
      LOUIS L. STANTON
      U. S. D. J.