ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/25/08
```

- - - - - - - - - - - - - - - - - - - - - - X
BROADCAST MUSIC, INC.,  :
                        :
            Petitioner, : 08 Civ. 216 (LLS)
                        :
       -against-        : Related to United States v. Broadcast
                        : Music, Inc., 64 Civ. 3787 (LLS)
DMX INC.,               :
                        :
            Respondent. :
                        :
- - - - - - - - - - - - - - - - - - - - - - X

## STIPULATION AND PROTECTIVE ORDER

WHEREAS, certain documents and information may be sought, produced or exhibited by and between the parties to the above-styled proceeding (the "Proceeding") which relate to the parties' financial information, competitive information, personnel information or other kinds of commercially sensitive information which the party making the production deems confidential; and

WHEREAS, it has been agreed by the parties to the Proceeding, through their respective counsel, that a protective order preserving the confidentiality of certain documents and information should be entered by the United States District Court for the Southern District of New York;

IT IS STIPULATED AND AGREED THAT:

1. This Protective Order shall govern all documents, the information contained therein, and all other information produced or disclosed during the Proceeding whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party in this Proceeding (the "Supplying Party") to any other party (the "Receiving Party"), when

same is designated in accordance with the procedures set forth herein. This Protective Order is binding upon the parties to the Proceeding, including their respective corporate parents, subsidiaries and affiliates and their respective attorneys, agents, representatives, officers and employees and others as set forth in this Protective Order.

2. Subpoenaed third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a Supplying Party for purposes of this Protective Order.

3. Any Supplying Party shall, through counsel, have the right to identify and designate as "CONFIDENTIAL" or "RESTRICTED" any document or information it produces or provides (whether pursuant to a discovery request, subpoena or agreement), or any testimony given in this Proceeding, that the Supplying Party believes constitutes, reflects or discloses its confidential and proprietary information ("Designated Material").

4. "Confidential Information" as used herein means any Designated Material that is designated pursuant to this Protective Order as "CONFIDENTIAL" by the Supplying Party, whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory answer or information otherwise revealed. In designating material as "CONFIDENTIAL," the Supplying Party will make such designation only as to that material that it in good faith believes to be entitled to confidential treatment under Fed. R. Civ. P. Rule 26(c)(1)(g).

5. Specific documents and interrogatory answers produced by a Supplying Party shall, if appropriate, be designated as "CONFIDENTIAL" by marking the first page of the document and each subsequent page thereof containing Confidential Information and any answer as follows:

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER
in *BMI v. DMX*, S.D.N.Y. 08 Civ. 216 (LLS)

6. Any material produced or provided in the Proceeding for inspection is to be treated by the Receiving Party as Confidential Information pending the copying and delivery of any copies of same by the Supplying Party to the Receiving Party.

7. Information disclosed at a deposition taken in connection with this Proceeding may be designated as "CONFIDENTIAL" by:

   a. a Supplying Party designating testimony, given by it or its present or former employee(s), its officer(s), director(s), partner(s), representative(s), or any expert(s), as "CONFIDENTIAL" on the record during the taking of the deposition, in which case the court reporter shall mark each page as provided in paragraph 5, above; or

   b. a Supplying Party notifying all other parties in writing, within thirty (30) calendar days of receipt of the transcript of a deposition, given by it or its present or former employee(s), its officer(s), director(s), partner(s), representative(s), or any expert(s), of specific pages and lines of the transcript which are designated as "CONFIDENTIAL," whereupon each party shall attach a copy of such written designation to the face of the transcript and each copy thereof in that party's possession, custody or control.

8. Confidential Information shall be disclosed by the Receiving Party only to the following persons:

   a. attorneys employed or retained by the Receiving Party who are actually assisting in the Proceeding; paralegals, stenographic, clerical and litigation support employees of such attorneys; independent contractors who are working on the Proceeding and under the direction of such attorneys and to whom it is necessary that the materials be disclosed for purposes of the Proceeding;

  b. such officers and employees of the Receiving Party or other parties to the Proceeding as have a need to have access to such information for the prosecution of this Proceeding;

  c. any outside consultant or expert who is assisting a party to the Proceeding, or counsel to such a party, to whom it is necessary to disclose Confidential Information for the purpose of assisting in, or consulting with respect to, the prosecution of this Proceeding;

  d. the Court, mediators and any members of their staff to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court or mediators in this Proceeding; and

  e. stenographic employees and court reporters recording or transcribing testimony in the Proceeding.

  9. Persons having knowledge of Confidential Information by virtue of their participation in the conduct of the Proceeding shall use that Confidential Information only in connection with the prosecution or appeal of the Proceeding, and shall neither use such Confidential Information for any other purpose nor disclose such Confidential Information to any person who is not listed in paragraph 8 of this Protective Order.

  10. Disclosure of Confidential Information beyond the terms of this Protective Order may be made only if the Supplying Party designating the material as "CONFIDENTIAL" consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.

  11. Any party which is served with a subpoena or other notice compelling the production of any Confidential Information produced by another party must immediately give

written notice of such subpoena or other notice to the original Supplying Party. Upon receiving such notice, the original Supplying Party shall bear the burden to oppose, if it deems appropriate, the subpoena on grounds of confidentiality.

12. Counsel shall take all reasonable and necessary steps to assure the security of any Confidential Information and will limit access to Confidential Information to those persons listed in paragraph 8 of this Protective Order.

13. The Parties recognize that there may be certain discrete categories of extremely sensitive confidential and/or proprietary information, the disclosure of which, even if limited to the persons listed in paragraph 8 above, may compromise and/or jeopardize the Supplying Party's business interests ("Restricted Information") such that the Supplying Party may deem such Restricted Information to require greater limitations on disclosure than are set forth in paragraph 8 above. The Supplying Party may designate such Restricted Information in the manner provided in paragraphs 5 or 7, except that the legend applied to Restricted Information shall be:

RESTRICTED -- SUBJECT TO PROTECTIVE ORDER
in *BMI v. DMX*, S.D.N.Y, 08 Civ. 216 (LLS)

14. All the provisions set forth above applicable to Confidential Information shall apply equally to Restricted Information, except that disclosure of Restricted Information by the Receiving Party shall be made only to the following persons:

    a. attorneys employed or retained by the Receiving Party who are actually assisting in the Proceeding; paralegals, stenographic, clerical and litigation support employees of such attorneys; independent contractors who are working on the Proceeding and under the direction of such attorneys and to whom it is necessary that the materials be disclosed for purposes of the Proceeding;

b.      any outside consultant or expert who is assisting a party to the Proceeding, or its attorneys, to whom it is necessary to disclose Restricted Information for the purpose of assisting in, or consulting with respect to, the preparation of this Proceeding;

c.      the Court, mediators and any members of their staff to whom it is necessary to disclose Restricted Information for the purpose of assisting the Court or mediators with respect to the Proceeding; and

d.      stenographic employees and court reporters recording or transcribing testimony relating to the Proceeding.

15.     Persons having knowledge of Restricted Information by virtue of their participation in the conduct of the Proceeding shall use that Restricted Information only in connection with the prosecution or appeal of the Proceeding and shall neither use such Restricted Information for any other purpose nor disclose such Restricted Information to any person who is not listed in paragraph 14 of this Protective Order.

16.     Counsel shall take all reasonable and necessary steps to assure the security of any Restricted Information and will limit access to Restricted Information to those persons listed in paragraph 14 of this Protective Order. Restricted Information produced or provided by any Supplying Party will be kept in the Receiving Party's outside counsel's possession or in the possession of the Receiving Party's in-house counsel who are actually assisting in this Proceeding, outside consultants, experts or other persons entitled to receive copies of the documents pursuant to paragraph 14 above.

17.     Prior to the disclosure of any Designated Material to any person identified in paragraphs 8(b) – (c) or 14(b) above, such person shall be provided with a copy of this Protective Order, which he or she shall read and upon reading shall sign a Certification, in the

form annexed hereto as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms. A file of all written acknowledgments by persons who have read this Protective Order and agreed in writing, in the form annexed hereto as Exhibit A, to be bound by its terms shall be maintained by outside counsel for the party obtaining them and shall be made available, upon request, for inspection by the Court *in camera*. Persons who come into contact with Designated Material for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute acknowledgments.

    18. Any Supplying Party may designate or redesignate under paragraphs 5, 7, or 13 above (or withdraw a designation regarding) any material ("Redesignated Material") that it has produced; provided, however, that such redesignation shall be effective only as of the date of such redesignation. Such redesignation (or withdrawal) shall be accomplished by notifying counsel for each party in writing of such redesignation (or withdrawal). Upon receipt of any such written redesignation, counsel of record shall (i) not make any further disclosure or communication of such Redesignated Material except as provided for in this Protective Order; (ii) take reasonable steps to notify any persons known to have possession of any Redesignated Material of the treatment of such material required under this Protective Order of such redesignation under this Protective Order; and (iii) promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of any such Redesignated Material who are not entitled to receipt under the applicable paragraph governing disclosure of the Redesignated Material (either paragraph 8 or 14 above).

    19. Any party may request at any time permission to disclose Designated Material to a person other than those permitted under the applicable paragraph governing disclosure of the Designated Material (either paragraph 8 or 14 above), or to use such

information in a manner prohibited by this Protective Order, by serving a written request upon the Supplying Party's counsel. Any such request shall state the material the party wishes to disclose, to whom it wishes to make disclosure and the reason(s) and purpose therefor. The Supplying Party or its counsel shall thereafter respond to the request in writing (by hand delivery, courier or facsimile transmission) within ten (10) calendar days of its receipt of such request; and if consent is withheld, it shall state the reasons why consent is being withheld. A failure so to respond within such ten-day period shall constitute consent to the request. If, where consent is withheld, the requesting party and the Supplying Party are subsequently unable to agree on the terms and conditions of disclosure, disclosure may only be made in accordance with the Supplying Party's designation of the material as "CONFIDENTIAL" or "RESTRICTED" unless and until differing treatment is directed pursuant to an order of the Court.

20. Any party may object to the propriety of the designation (or redesignation) of specific material as "CONFIDENTIAL" or "RESTRICTED" ("Objecting Party") by serving a written objection upon the Supplying Party's counsel. The Supplying Party or its counsel shall thereafter, within ten (10) calendar days, respond (by hand delivery, courier or facsimile transmission) to such objection in writing by either: (i) agreeing to remove the designation; or (ii) stating the reasons for such designation. If the Objecting Party and the Supplying Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the objecting party shall be free to move the Court for an Order removing or modifying the disputed designation. On such a motion it will be the burden of the party imposing a limitation on circulation of discovery materials to justify that limitation. Pending the resolution of the motion, the material(s) in issue shall continue to be treated in the manner as designated by the Supplying Party until the Court orders otherwise.

21.  Notwithstanding any other provisions hereof, nothing in the foregoing shall restrict any party's attorneys from rendering advice to its clients with respect to this Proceeding and, in the course thereof, relying upon Confidential Information or Restricted Information, provided that in rendering such advice, the attorneys shall not disclose any other party's Confidential Information or Restricted Information other than in a manner provided for in this Protective Order.

22.  Inadvertent production of any document or information without a designation of confidentiality will not be deemed to waive a later claim to its confidential nature or stop the Supplying Party from designating said document or information as "CONFIDENTIAL" or "RESTRICTED" at a later date. Disclosure of said document or information by any party prior to such later designation shall not be deemed a violation of the provisions of this Protective Order, provided, however, that the party that disclosed the Redesignated Material shall promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of any such Redesignated Material who are not entitled to its receipt under paragraphs 8 or 14 above, pursuant to the redesignation.

23.  The inadvertent production of any privileged materials or other materials exempt from production by any party making production of materials in this Proceeding shall not be deemed a waiver or impairment of any claim of privilege or exemption (including under the attorney-client privilege or work product doctrine) concerning any such materials or the subject matter thereof. Each such party reserves the right to redesignate as privileged or exempt any materials that it produces or has already produced. Upon receiving written notice, parties who have received materials redesignated as privileged shall return all copies of such materials and shall attempt to obtain all copies of materials redesignated as privileged which were transmitted

to other persons, firms or entities. Notwithstanding the above, a party may retain its copies of such materials during the pendency of any motion challenging the redesignation as long as the motion is made within five days of receipt of notice of redesignation.

24. Except as agreed in writing by counsel of record, to the extent that any Confidential Information or Restricted Information is, in whole or in part, contained in, incorporated in, reflected in, described in or attached to any pleading, motion, memorandum, appendix or other judicial filing, counsel shall file that submission under seal and that document shall be designated and treated as a "Sealed Document." Disclosure of any portion of the transcript of a deposition which reflects or contains Confidential Information or Restricted Information shall be subject to the terms of this Protective Order, and if filed with the Court, such portion containing Confidential Information or Restricted Information shall be filed as a Sealed Document. All Sealed Documents, filed under seal pursuant to this Protective Order, shall be filed in a sealed envelope and shall remain under seal until such time as this Court, or any court of competent jurisdiction, orders otherwise. In addition to the legend required to be placed on the document by paragraphs 5, 7 or 13 above, such Sealed Documents shall be identified with the caption of this action, a general description of the sealed contents and shall bear the additional legend on the top of the first page of the document and on the sealed envelope:

SUBJECT TO PROTECTIVE ORDER

Contents hereof are subject to a court-ordered
protective order governing its use and dissemination.

The Clerk of the Court shall maintain such Sealed Documents separate from the public records in this action, intact and unopened except as otherwise directed by the Court. Such Sealed Documents shall be released by the Clerk of the Court only upon further order of the Court.

25.    If Confidential Information or Restricted Information is used during depositions, it shall not lose its confidential or restricted status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality and restricted status during such use.

26.    Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony or other evidence.

27.    Upon the conclusion of the Proceeding, including any appeals related thereto, at the written request and option of the Supplying Party, all Designated Material and any and all copies thereof, shall be returned within sixty (60) calendar days to the Supplying Party, provided, however, that counsel may retain their attorney work product and all court-filed documents even though they contain Confidential Information or Restricted Information, but such retained work product and court-filed documents shall remain subject to the terms of this Protective Order. In the alternative, either the Supplying Party or the person receiving the Designated Material may elect to have the same destroyed, provided, however, that counsel may retain their attorney work product and all court-filed documents even though they contain Confidential Information or Restricted Information, but such retained work product and court-filed documents shall remain subject to the terms of this Protective Order. At the written request of the Supplying Party, any person or entity having custody or control of recordings, notes, memoranda, summaries or other written materials, and all copies thereof, relating to or containing Designated Material shall deliver to the Supplying Party an affidavit certifying that reasonable efforts have been made to assure that all such Designated Material and any copies thereof, any and all records, notes, memoranda, summaries or other written material regarding

the Designated Material (except for attorney work product and court-filed documents as stated above), have been destroyed or delivered in accordance with the terms of this Protective Order.

28. If Designated Material is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the Supplying Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

29. The foregoing provisions concerning confidentiality shall only apply to pre-trial proceedings and to matters provided in pre-trial discovery and designated as confidential or restricted, and shall not affect the conduct of trial or of any hearing in open court. The Court shall issue any relief, if necessary, upon motion or agreement of the parties, prior to trial or to the hearing in open court.

30. Nothing contained in this Protective Order shall preclude any party from using its own Confidential Information or Restricted Information in any manner it sees fit, without prior consent of any party or the Court.

31. By written agreement of the parties, or upon motion and order of the Court, the terms of this Protective Order may be amended or modified. This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this proceeding.

32. The entry of this Protective Order does not prevent any party from seeking a further order of this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

33. Data produced in electronic form may be designated as Confidential Information or Restricted Information by marking the data storage medium with the appropriate

legend set forth in paragraphs 5 or 13. In addition, the Supplying Party shall, to the extent reasonably possible, add the appropriate legend to the electronic file such that any print-out of the file contains the appropriate legend. If the Receiving Party prints out electronic data which is Designated Material but which does not contain the appropriate legend on the print-out, the Receiving Party shall affix the appropriate legend to each page of such print-out.

Dated: New York, New York
April 23, 2008

HUGHES HUBBARD & REED LLP

By: _____
    James C. Fitzpatrick
One Battery Park Plaza
New York, New York 10004
(212) 837-6000
    -and-
Marvin L. Berenson
Joseph J. DiMona
Stuart Rosen
320 West 57th Street
New York, New York 10019
(212) 830-3847
Attorneys for Broadcast Music, Inc.

WEIL GOTSHAL & MANGES LLP

By: _____
    R. Bruce Rich
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Attorneys for DMX Inc.

SO ORDERED.

_____
Louis L. Stanton
Hon. Louis L. Stanton, U.S.D.J.
Dated: 4/25, 2008

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x
BROADCAST MUSIC, INC.,                              :
                                                    :
                                    Petitioner,     :  08 Civ. 216 (LLS)
                                                    :
            -against-                               :  Related to *United States v. Broadcast*
                                                    :  *Music, Inc.*, 64 Civ. 3787 (LLS)
DMX INC.,                                           :
                                                    :
                                    Respondent.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - x

## CERTIFICATION

       The undersigned hereby acknowledges that, having read the Protective Order filed in the above-captioned action on _____, 2008, the undersigned understands the terms thereof and agrees to be bound thereby. The undersigned further agrees to submit to the jurisdiction of the United States District Court for the Southern District of New York and understands that the Court may impose sanctions for any violation of the Protective Order.

_____
Date

                                                   _____
                                                       Name (typed or printed)

                                                   _____
                                                            Signature